IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STATE OF OREGON,

      Plaintiff,

v.

MICHAEL STANFORD & MELODY
RUTH ODONNELL-STANFORD,

      Defendants.

Case. No. 1:21-cv-00671-MC

ORDER

MCSHANE, Judge:

*Pro se* Defendants Michael Stanford &s melody Ruth ODonell-Stanford face criminal charges in Oregon state court.[1] Defendants attempted to remove their criminal trial to federal court, arguing the state court made several errors violating their constitutional rights. Defendants seek an emergency temporary restraining order enjoining the state "from forcing Michael Stanford and co-defendant Melody Ruth Odonnell-Stanford through jury trial on the unconstitutional amended indictment that does not comply with the Mandatory Oregon State Statutes, pending entry by the Court of a final judgment in this action." Motion for TRO, 5.

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

---

[1] Defendants allege their criminal trial begins Tuesday, May 5, 2021. May 5, 2021 is a Wednesday and the Court assumes the trial begins on Tuesday, May 5, 2021.

1 – ORDER

*Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish that this harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995).

Because Defedants' state criminal proceedings are ongoing, his actions are barred by the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971), which prevents a federal court from directly interfering with ongoing criminal proceedings in state court. There are no "extraordinary circumstances" present that might uproot the "strong federal policy against federal-court interference with pending state judicial proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (*en banc*) (quoting *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Defendants appear to believe that the state court judges should have come to different conclusions on several pretrial matters. These are not extraordinary reasons justifying a federal court stepping in and assuming jurisdiction over ongoing state criminal proceedings. *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003).

Defendants' request for an emergency TRO is DENIED and this matter is remanded to Jackson County Circuit Court.

IT IS SO ORDERED.

DATED this 3rd day of May, 2021.

                                                                                        _____/s/ Michael J. McShane_____
                                                                                     Michael McShane
                                                                   United States District Judge